BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
JACQUELINE COLEMAN SNEAD
Assistant Branch Director
ALEXANDER W. RESAR
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 616-8188
Fax: (202) 616-8470
Email: alexander.w.resar@usdoj.gov

# UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>By the Department of Justice<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br><br>    Plaintiff,<br><br>v.<br><br>JAMES T. ABBOTT,<br><br>10329 Hickory Forest Drive<br>Oakton, Virginia 22124<br><br>    Defendant. | Case No.: 23-cv-1555<br><br><br><br><br><br>**COMPLAINT** |

## COMPLAINT

1. This is an action brought pursuant to the Ethics in Government Act of 1978 (EIGA), Pub. L. No. 95-521, 92 Stat. 1824 (codified as amended at 5 U.S.C. app. 4 § 101 *et seq*.), by the United States of America against James T. Abbott for civil penalties for knowingly and willfully failing to file the required combined annual and termination public financial disclosure reporting after his employment terminated with the Federal Labor Relations Authority (FLRA).

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 5 U.S.C. app. 4 § 104(a) and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper pursuant to 5 U.S.C. app. 4 § 104(a) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is the United States of America.

5. Defendant James T. Abbott is a former Member of the FLRA.

## STATUTORY BACKGROUND

6. EIGA requires individuals who occupy covered positions for more than sixty days in a calendar year to file an annual public financial disclosure report on or before May 15 of the succeeding year.  5 U.S.C. app. 4 § 101(d).

7. EIGA also requires individuals who occupy covered positions to file a final public financial disclosure report on or before the thirtieth day after leaving their position, unless they have accepted another covered position.  5 U.S.C. app. 4 § 101(e).

8. Among the positions covered by section 101 are "employee[s] in the [E]xecutive [B]ranch" whose "basic pay is equal to or greater than 120 percent of the minimum rate of basic pay payable for GS-15 of the General Schedule."  5 U.S.C. app. 4 § 101(f)(3).

9. Section 104(a) of EIGA authorizes the Attorney General to bring a civil action in federal district court against "any individual who knowingly and willfully fails to file or report any information that such individual is required to report" under EIGA. 5 U.S.C. app. 4 § 104(a)(1).

10. EIGA provides that the court may assess a civil penalty of up to $71,316 against an individual who knowingly and willfully fails to file a public financial disclosure report required under EIGA. *See* 5 C.F.R. § 2634.701, Table 1; 5 U.S.C. app. 4 § 104(a)(1).

## FACTUAL BACKGROUND

11. Beginning in 2007, Mr. Abbott held a covered position at the FLRA requiring that he annually file a public financial disclosure report. He satisfied this reporting obligation for each year up to and including the year ending December 31, 2020, during his tenure at the FLRA.

12. On December 11, 2017, Mr. Abbott was sworn in as a Member of the FLRA, a Presidentially appointed and Senate-confirmed position within the Executive Branch, 5 U.S.C. § 7104(b).

13. As a Member of the FLRA for the year ending December 31, 2021, Mr. Abbott's salary was greater than 120 percent of $110,460, then the minimum rate of basic pay payable for GS-15 of the General Schedule. *See* 5 U.S.C. app. 4 § 101(f)(3); United States Office of Personnel Management, Salary Table 2021-GS, effective January 2021, *available at* https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/salary-tables/pdf/2021/GS.pdf.

14. Accordingly, Mr. Abbott was required to file an annual public financial disclosure report for the year ending December 31, 2021, by May 15, 2022, 5 U.S.C. app. 4 § 101(d); 5 C.F.R. § 2634.201(a).

15. On May 16, 2022, the Deputy Solicitor in the Solicitor's Office of the FLRA sent Mr. Abbott an email asking if he required a 45-day extension to complete his annual financial disclosure report. He did not respond and did not file his annual public financial disclosure report.

16. Mr. Abbott's federal service ended on May 17, 2022, and he did not accept another government position covered by section 101 of the EIGA after the termination of his employment with the FLRA.

17. Accordingly, Mr. Abbott was required to file a termination public financial disclosure report within 30 days of his termination on May 17, 2022, 5 U.S.C. app. 4 § 101(e); 5 C.F.R. § 2634.201(e).

18. Mr. Abbott had provided the FLRA's Human Resources Division his personal contact information, including his personal email address (provided email address), personal phone number (provided number), and forwarding home address (provided home address).

19. On May 19, 2022, the Deputy Solicitor emailed Mr. Abbott at his provided email address that he was required under EIGA to file a combined annual and termination financial disclosure report (combined report) that covered the year ending December 31, 2021, and any information from January 1, 2022, through the date of his separation, May 17, 2022. The FLRA granted Mr. Abbott a 45-day extension to the May 16 annual financial disclosure deadline, making his report due June 30, 2022. He did not respond.

20. On June 27, 2022, the Deputy Solicitor contacted Mr. Abbott at his provided email address to remind him that he needed to file his combined report by June 30, 2022 and to ask him whether he required an additional extension.

21. On June 28, 2022, the Deputy Solicitor left a voicemail for Mr. Abbott at his provided number to remind him of the deadline.  He did not return the call.

22. The following day Mr. Abbott emailed the Deputy Solicitor acknowledging the June 30, 2022 deadline and requesting an additional extension of time to file his combined report.

23. Later that day, the Deputy Solicitor granted Mr. Abbott a further 45-day extension, until August 14, 2022, to file the combined report, which the Deputy Solicitor indicated was "the outer-limit of extensions that we give."

24. On July 28, 2022, the Deputy Solicitor sent an email to Mr. Abbott's provided email address to remind him that he needed to file his combined report by August 14, 2022, and that no additional extension would be given.  He did not respond.

25. Mr. Abbott did not file his combined report by August 14, 2022.  As of that date, the Integrity computer system through which Mr. Abbott was to submit his combined report generated weekly reminders to his provided email address that his combined report was past due.

26. On August 15, 2022, the Deputy Solicitor sent an email to Mr. Abbott's provided email address to ask when Mr. Abbott would file the required combined report.  He did not respond.

27. On August 24, 2022, the Executive Director of the FLRA sent a letter by certified mail to Mr. Abbott's provided home address reminding him that his combined report was past due and asking that it be completed as soon as possible.  A member of Mr. Abbott's household signed the return receipt.

28. On September 8, 2022, the Deputy Solicitor sent an email to Mr. Abbott's provided email address requesting his combined report and forwarding a request from the Office of Government Ethics (OGE) for Mr. Abbott's combined report.  He did not respond.

29. On October 10, 2022, the Deputy Solicitor forwarded one of the Integrity-generated weekly reminders to Mr. Abbott's provided email address and asked that he complete the combined report.  He did not respond.

30. On November 25, 2022, the Deputy Solicitor sent an email to Mr. Abbott's provided email address advising that, if he did not submit the combined report in a week, the "next step will be to refer this matter to the Department of Justice."  Later that day, Mr. Abbott replied by email:

> "I know that you mean well and I have nothing against you. But really?nnWhy would they refer it to DOJ?? They already got rid of me just like they wanted to. I will be doing it but they have no desire to do that. I am not even convinced that they have jurisdiction to do anything. They might well want to invest those resources into prosecuting Hunter Biden, rather than harassing President Trump and those who worked in his administration."

31. The Deputy Solicitor replied by email that same day, explaining that OGE had advised that a referral to the Department of Justice (DOJ) was the required next step in the process.

32. On January 19, 2023, the FLRA's Agency Head received a year-end report from OGE, indicating that Mr. Abbott had not yet filed his combined report, and that the FLRA "must collect the report and any additional information needed from Mr. Abbott in order to certify and forward the report to OGE as soon as possible, or make the appropriate referral to the [DOJ]."

33. On January 30, 2023, the Deputy Solicitor forwarded that year-end report to Mr. Abbott's provided email address and explained that OGE "instructed the [FLRA] to refer this matter to the [DOJ] if you do not file your financial disclosure form."  Mr. Abbott did not respond.   The FLRA thereafter referred this matter to DOJ.

34. As of this filing, Mr. Abbott still has not submitted his combined report.

## COUNT I

35. Plaintiff repeats and realleges Paragraphs 1 through 34 as if fully stated herein.

36. Mr. Abbott has been aware since 2007 that he was subject to EIGA and, since on or before May 19, 2022, that he was required to file a combined report.

37. The Solicitor's Office of the FLRA repeatedly informed Mr. Abbott of his obligation to file his combined report.

38. Notwithstanding the numerous attempts to obtain his compliance, Mr. Abbott has not filed his combined report.

39. Mr. Abbott violated EIGA, 5 U.S.C. app. 4 § 104, by knowingly and willfully failing to file his combined report.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff the United States of America prays that this Court issues a decision and order:

(1) Requiring Mr. Abbott to file his combined annual and termination financial disclosure report;

(2) Requiring Mr. Abbott to pay a filing fee of $200;

(3) Assessing a civil penalty under Count I in an amount to be determined by the Court; and

(4) Granting Plaintiff such further relief as the Court deems just and proper.

Dated: May 31, 2023                      Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director


*/s/ Alexander W. Resar*
ALEXANDER W. RESAR
Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-8188
Fax: (202) 616-8470
Email: alexander.w.resar@usdoj.gov

*Attorneys for Plaintiff*